WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maribel Esquer, | No. CV-15-426-TUC-BPV |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security, | |
| Defendant. | |

This action commenced when Plaintiff sought judicial review of the Commissioner's decision denying her applications for disability insurance benefits and supplemental security income. After Plaintiff filed her Opening Brief, the parties submitted a Stipulated Motion for Remand (Doc. 20), which the Court granted.[1] (Doc. 21; *see also* Judgment (Doc. 22)). Now pending before the Court is Plaintiff's Motion for Attorney Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (Doc. 23; *see also* Supporting Memorandum (Doc. 24)). Defendant has filed a Response (Doc. 26) and Plaintiff has filed a Reply (Doc. 28). For the following reasons,

---

[1] Based upon the parties' stipulation, the Court remanded the action for a de novo hearing and determination by an ALJ, and directed the ALJ to:
consider all of Plaintiff's medically determinable impairments at step two and determine whether they are severe; consider the evidence in the treatment notes when assessing Plaintiff's alleged mental impairments; weigh the opinion of Annette Caruso, licensed clinical social worker; and continue with the remaining steps of the sequential evaluation process, including re-assessing Plaintiff's credibility in light of her impairments.
(Order (Doc. 21 at 1-2)).

the Court grants in part and denies in part Plaintiff's request for attorney fees.

**I. DISCUSSION**

The EAJA authorizes federal courts to award reasonable attorney's fees, court costs, and other expenses when a party prevails against the United States, unless the court finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *see also Ibrahim v. United States Dep't. of Homeland Security,* 835 F.3d 1048, 1054 (9th Cir. 2016); *Tobler v. Colvin,* 749 F.3d 830, 832 (9th Cir. 2014); *Meier v. Colvin,* 727 F.3d 867, 870 (9th Cir. 2013). Defendant does not contest that Plaintiff is a prevailing party. (*See* Response at 4). Defendant also concedes that the government's position was not substantially justified. (*Id.* at 4). However, Defendant objects to the reasonableness of the amount of fees requested. (*Id.* at 4-6).

Attorney's fees and expenses awarded under the EAJA must be reasonable. *See* 28 U.S.C. § 2412(d)(2)(A); *see also Sorenson v. Mink,* 239 F.3d 1140, 1145 (9th Cir. 2001) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)). The district court has discretion to determine a reasonable fee award. *See* 28 U.S.C. § 2412(b); *Costa v. Commissioner of Soc. Sec.*, 690 F.3d 1132, 1135 (9th Cir. 2012). Generally, courts should "defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *Costa,* 690 F.3d at 1136 (quoting *Moreno v. City of Sacramento,* 534 F.3d 1112, 1112-13 (9th Cir. 2008)). However, the district court "should exclude hours 'that are excessive, redundant, or otherwise unnecessary," *McCown v. City of Fontana,* 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley,* 461 U.S. at 434). The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *Gates v. Deukmejian,* 987 F.2d 1392, 1397 (9th Cir. 1992) (citation omitted). The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits. *Id.* at 1397-98 (citations omitted).

When determining whether fees are reasonable under the EAJA, the Ninth Circuit applies the principles set forth in *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983), and other cases interpreting 42 U.S.C. § 1988. *Ibrahim,* 835 F.3d at 1060 n.13; *Costa,* 690 F.3d at 1135 (citations omitted). "'[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Ibrahim,* 835 F.3d at 1060 (quoting *Schwarz v. Sec. of Health & Human Servs.*, 73 F.3d 895, 901 (9th Cir. 1995)). The court may not reduce requested fees in social security disability appeals without providing relatively specific reasons. *Costa* 690 F.3d at 1136-37.

Plaintiff requests $9,099.18 for 47.82 hours of work by her attorney, John Gravina, billed at a rate of $190.28.[2] (Doc. 23 at 1; *see also* Affidavit, Exh. 1 (Doc. 25-1)). Defendant objects to the fee amount sought, arguing that it is unreasonable and should be reduced because counsel billed for: work not performed at the district court level; clerical tasks in increments over 0.1; and duplicative tasks. Defendant also argues that Plaintiff's fee request is unreasonable because the case was not overly complex.[3]

This action was filed with the District Court on September 14, 2015. (Doc. 1). Defendant objects to Plaintiff's request for fees for one hour spent on March 26, 2014, reviewing the "file in preparation for Appeal; prepar[ing] appeal for the Appeals Council; telephone conference with client; review draft of Appeal."[4] (Summary of Billing (Doc.

---

[2] The hourly rated quoted by Plaintiff is consistent with the applicable statutory maximum hourly rate for 2015 under the EAJA, adjusted for cost of living increases, posted by the Ninth Circuit. *See* http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039, *last visited on* April 28, 2017. Defendant does not object to the hourly rate cited by Plaintiff.

[3] Defendant also objects to Plaintiff's Motion as prematurely filed before the judgment became final. That objection is now moot. The parties also dispute whether Mr. Gravina fully complied with LRCiv 54.2(d)(1) which requires the parties to certify that they have made good faith efforts to resolve disputed fee related issues. Although the Court does not condone Mr. Gravina's apparent failure to send additional information to defense counsel for purposes of negotiation, the Court will nonetheless entertain the instant Motion in light of the briefing which supports the conclusion that the parties could not have reached an agreement. Mr. Gravina is advised that in future cases, he is expected to fully comply with the provisions of LRCiv 54.2(d)(1) in good faith.

[4] The Administrative Record ("AR") reflects that Plaintiff submitted her request for review by the Appeals Council on or about April 3, 2014 (A.R. 6, 7) and the Appeals

25-1 at 7)). Defendant also objects to other time, totaling 2.5 hours, billed prior to the filing of this action. Defendant argues that these fees are not associated with the district court action.

Defendant is correct that the EAJA "generally does not allow for the award of fees for administrative proceedings." *Western Watersheds Project v. U.S. Dep't of the Interior*, 677 F.3d 922, 926 (9th Cir. 2012); *see also Berman v. Colvin,* 2014 WL 4809886, at *3 (D. Nev. Sept. 29, 2014) (noting same). A "narrow exception" to this rule applies to the extent that "fees for administrative proceedings can only be awarded under § 2412(d)(1)(A) if the district court ordered the further proceedings, and the district court action remained pending until the conclusion of the administrative proceedings." *Western Watersheds Project*, 677 F.3d at 926-27. Review of the record, including the Summary of Billing, supports the conclusion that the fees sought for work on March 26, 2014 related to work while the action was still pending at the administrative level. Because the EAJA does not permit compensation for work performed before an administrative agency prior to initiating a civil action in federal court, Plaintiff is not entitled to fees for one hour incurred on March 26, 2014 and the fee request will be reduced accordingly.

With regard to the remaining 2.5 hours, which were billed in 2015 but before this action was filed (*See* Summary of Billing (Doc. 25-1 at 9)), Plaintiff concedes that the objection is "somewhat valid[]" and the amount of time "could be reduced .75 for working on the second application." (Reply at 2). The remaining time, which is block billed[5], covers from July to early September 2015, and includes: two different entries for

---

Council denied Plaintiff's request for review on July 15, 2015. (A.R. 1).

[5] Block billing involves "'lump[ing] together multiple tasks, making it impossible to evaluate their reasonableness[.]'" *Welch v. Metropolitan Life Ins. Co.,* 480 F.3d 942, 948 (9th Cir. 2007) (quoting *Role Models Am. Inc. v. Brownlee,* 353 F.3d 962, 971 (D.C. Cir. 2004)). Where a fee applicant engages in block billing, it is "reasonable for the district court to conclude that [Plaintiff] failed to carry her burden [of documenting the appropriate hours expended], because block billing makes it more difficult to determine how much time was spent on particular activities." *Welch,* 480 F.3d at 948 (citations omitted). *See also Hensley,* 461 U.S. at 437 (counsel "should maintain billing records in a manner that will enable a reviewing court to identify distinct claims.").

- 4 -

reviewing the Appeals Council decision; telephone and/or office conferences with Plaintiff which included discussion of "[a]ppeal and new file"; calendaring dates; and making notes to the file. (Summary of Billing (Doc. 25-1 at 9)). Mr. Gravina asserts that this "time was necessary to adequately advise Plaintiff of the proceedings due to the nature and length of the professional relationship with the client." (Reply at 2).

Although conferring with a client in anticipation of filing a federal court action can be viewed as reasonable, the Billing Summary reflects that the conferences also addressed filing a second disability application and the records do not suggest how much time was devoted to that topic. As such, Plaintiff has failed to carry her burden of establishing her entitlement to the full amount of fees sought for this time period. *See Welch,* 480 F.3d at 948. Consequently, the remaining time sought between July 21, 2015 and September 2, 2015 will be reduced to 0.75.

Defendant also objects to the billing of "large increments for seemingly simple and/or clerical tasks and . . . [billing] more than once for the same task." (Defendant's Response at 6). Defendant points out that Plaintiff's counsel "reviewed the *in forma pauperis* paperwork five different times. He spent one hour and a half to review the complaint, which is *pro forma* in Social Security appeals. He billed one-half hour each to review straight forward documents such as the scheduling order, Magistrate consent form, and Judge's consent form. He billed for a deficiency in his own filing. He billed for tasks related to the Magistrate consent form five different times, including reviewing it twice. He spent over one-third of an hour reviewing [defense counsel's] notice of appearance. In all, he spent 10.33 hours working on this appeal before beginning any substantive work on the brief." (Response at 6-7 (citations to Summary of Billing omitted)).

The Summary of Billing reflects that Plaintiff's counsel spent one hour: reviewing the one-and-one-half page Complaint in addition to the cover sheet and Motion to Proceed *in Forma Pauperis*, which are essentially form documents with some case-specific information added; reviewing the summons, another form document; filing the

documents; and making notes to his file. (See Summary of Billing (Doc. 25-1 at 10)). He then spent another half-hour reviewing the e-filing of the documents, case assignment information, printing out that information and calendaring deadlines. (*Id.*).

The Ninth Circuit has recognized that "'purely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate regardless of who performs them.'" *Davis v. City of San Francisco,* 976 F.2d 1536, 1543 (9th Cir. 1992), *vacated in part on other grounds,* 984 F.2d 345 (9th Cir. 1993) (bracketed text in original) (quoting *Missouri v. Jenkins,* 491 U.S. 274, 288 n. 10 1989)). *See also id.* ("time spent on clerical matters should not have been included in the attorneys' fee award…."); *Hoefle v. Colvin,* 2014 WL 5217041 (E.D. Cal. Oct. 14, 2014) ("time spent to e-file documents is routinely found to be clerical work that is non-compensable under the EAJA."). Because filing documents is clerical in nature, counsel is not entitled to fees for that task and his hours will be reduced accordingly. *See Jenkins,* 491 U.S. at 288; *Davis,* 976 F.2d at 1543. Because of the block billing, the record does not reflect precisely how much time was spent filing the documents in each instance. Mr. Gravina's time will be reduced from 1.0 to 0.70 for filing the Complaint, Motion to Proceed *in Forma Pauperis,* cover sheet, and summons, which the Billing Summary indicates were all filed on September 14, 2015. Although the documents filed were essentially form documents, the Motion to proceed *in Forma Pauperis* did require some substantive, case-specific information and for this reason counsel's time will not be further reduced.

The following day, September 15, 2015, Mr. Gravina entered six separate entries, some of which are block billed, totaling 2.5 hours. Plaintiff concedes that because "there appear to be some duplicates" relating to these entries, the time should be reduced by one hour. (Reply at 2). Upon consideration of the entries, the Court finds that Plaintiff's concession is well-taken and the time billed for September 15, 2015 will be reduced to 1.5 hours.

On September 17, 2015, Plaintiff's counsel billed for reviewing a notice he received from the Court notifying him that his filing of this action was deficient because

he omitted the cover sheet. (Summary of Billing (Doc. 25-1 at 11)). He spent .33 hours reviewing the notice, emailing and printing the notice, and making notes to the file. (*Id.*). Counsel's previous entry for September 14, 2015 included reviewing and filing the cover sheet, which apparently was not done after all. Because counsel already billed for reviewing the cover sheet and because, as discussed above, counsel is not entitled to fees for filing documents with the Court, counsel is not entitled to fees for the tasks billed on September 17th.

Because the tasks indicated in Plaintiff's counsel's next entry, dated October 2, 2015, are largely duplicative of those reflected in his fourth entry for September 15, 2015 and also includes time for filing the consent form with the Court, his time shall be reduced from 0.50 to 0.20. (*Id.* at 10-11).

Plaintiff's counsel's next two entries are both dated October 8, 2015. (*Id.* at 11). His first entry for that date suggests, at best, that he spent one-half hour reviewing documents in the Court file, including the "Magistrate Consent", made notes to the file concerning service, wrote to the agency and defense counsel and included with his correspondence a copy of all documents. (*Id.*). Despite the block billing, the Court accepts the recorded time as reasonable. However, counsel's second entry for October 8, 2015 indicates that he spent one-half hour on tasks that are essentially duplicative of those included in his October 2, 2015 entry and first entry for October 8, 2015 regarding the consent form. Consequently, counsel is not entitled to fees associated with his second entry dated October 8, 2015.

Because counsel's November 25, 2015 billing entry for 0.50 with regard to the affidavit of service includes time for electronic filing of the document, a clerical task, that entry shall be reduced to 0.40. (*See id.* at 13).

The Court agrees with defense counsel that 0.33 spent on November 25, 2015 to review her notice of appearance and make notes to the file is excessive, especially in light of other entries indicating it took Plaintiff's counsel 0.17 to review other notices of appearance filed in this action and make notes to the file. (*Compare* Summary of Billing

(Doc. 25-1 at 13 *with id.* at 12 (November 2, 2015 entries)). Mr. Gravina's time shall be reduced from 0.33 to 0.17, consistent with his other entries for the same sort of tasks.

On December 11, 2015, Mr. Gravina included two entries, totaling 0.17 each, related to Defendant's filing of the consent form, and his review of both parties' consent forms, in addition to making notes to the file and sending a copy of Defendant's form to Plaintiff. (Summary of Billing (Doc. 25-1 at 13)). The entries are largely duplicative of each other as well as Plaintiff's October 2, and 21, 2015 entries. (*See id.* at 11-12). Accordingly, counsel's time for work performed on December 11, 2015 shall be reduced to 0.17.

Defendant also objects to the 37 hours Plaintiff's counsel spent on the substantive portion of the case, which essentially consisted of preparing the opening brief because the matter was remanded before a reply brief was filed. Defendant points out that Mr. Gravina "has over 20 years of experience litigation [sic] Social Security cases. . . . Yet he billed for researching the standard of review." (Response at 8 (citing Resume (Doc. 25-2) (indicating Mr. Gravina has practiced social security disability law since 1990); Billing Summary (Doc. 25-1 at 14)). Defendant argues that Plaintiff's fee request is unreasonable because counsel "prepared five drafts of his opening brief", [h]e charged three separate times (on three different days), for a total of 2 hours, to review the very short stipulated motion and proposed order[]", and "he twice charged a half hour to review the judgment, on two different dates." (*Id.* (citations to Summary of Billing omitted)). Defendant also requests that the Court, in addition to reducing fees for duplicative tasks associated with the substantive portion of the case, also reduce the overall fee award by 10% because the case was not complex compared with other social security disability cases, Plaintiff's opening brief which consisted of 15 pages was not overly long, and no reply brief was necessary in light of the stipulated remand. (*Id.*).

The Court "may not uncritically accept the number of hours claimed by the prevailing party, even if actually spent on the litigation, but must, in order to award fees based on them, find that the time actually spent was reasonably necessary." *Carson v.*

*Billings Police Dept.*, 470 F.3d 889, 893 (9th Cir. 2006) (internal quotation marks and citations omitted). The Summary of Billing reflects that Plaintiff's counsel essentially spent 12 hours working on the Statement of Facts and the remaining time researching and drafting the legal argument and revising and editing multiple drafts of Plaintiff's Opening Brief. Legal argument focused primarily on the ALJ's alleged error in concluding that Plaintiff suffered only from vertigo and not multiple severe impairments[6], the ALJ erred in reaching the residual function capacity assessment, and the ALJ erred in assessing Plaintiff's credibility. (*See* Plaintiff's Opening Brief at 1 (Doc. 16)). Review of Plaintiff's brief reflects that the issues were not overly complex. Further, the administrative record, which is 668 pages in length, is not uncommonly long. While the Court recognizes that the Statement of Facts required reference to and discussion of multiple impairments of which Plaintiff claims to suffer, the Court sustains Defendant's objection in part to the extent that time spent on the Statement of Facts shall be reduced to 9.50 hours. It is because of the allegation and argument concerning Plaintiff's claim that she suffers from multiple impairments that the time spent on the Statement of Facts has not seen a greater reduction. As Plaintiff's counsel points out, "these appeals are very fact specific" and require the interplay of numerous medical records. (Reply at 2). With regard to the time Plaintiff's counsel spent on legal research, developing the legal argument, and numerous attempts at revising and editing the Opening Brief, tasks which have been block billed, the Court sustains Defendant's objection to the extent that the time shall be reduced to 17 hours.

Defendant faults Plaintiff's counsel with spending a total of 2 hours reviewing documents associated with the stipulated motion to remand on March 24, 28, and 29, 2016.[7] While Plaintiff's counsel should not be penalized for ensuring that the remand

---

[6] Plaintiff argued that in addition to the severe impairment of vertigo, as found by the ALJ, she also suffered from other severe impairments including "mental impairment, pain from fibromyalgia, back, varsities and arthritis, gout, fatigue, headaches, and lupus." (Opening Brief at 1)

[7] The parties filed the stipulated motion to remand on March 30, 2016. (*See* Doc. 20).

language is correct and comprehensive, the time is reduced to 1.50 based upon partial duplication of tasks on March 24 and 28, 2016. Lastly, because the entries from March 30 and March 31, 2016 are for essentially duplicative tasks billed at 0.50 for each day[8], the Court reduces counsel's time to 0.50.

In light of the reductions set out above, the Court declines Defendant's request to further reduce the overall award by an additional percentage. In sum, Plaintiff is entitled to attorney's fees for 32.89 hours, which amounts to $6258.30 at the requested rate of $190.28 per hour.

Additionally, in light of *Astrue v. Ratliff,* 560 U.S. 586 (2010) and Plaintiff's assignment of any EAJA fee award to Mr. Gravina (*see* Doc. 29), if after receiving this Order, the Commissioner determines upon effectuation of this Order that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, *see* 31 U.S.C. § 3716(c)(3)(B), the fees shall be made payable to Mr. Gravina. Additionally, if a debt is owed under the Treasury Offset Program, then the remaining EAJA fees after offset shall be paid by a check made payable to Mr. Gravina.

## II. CONCLUSION

For the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion for Attorney Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) (Doc. 23; *see also* Doc. 24 (Supporting Memorandum)) is GRANTED in part to the extent that Plaintiff shall be awarded **$6,258.30** in attorney's fees pursuant to the Equal Access to Justice Act. The Motion is DENIED as to all other requests.

IT IS FURTHER ORDERED that if, after receiving this Order, the Commissioner: determines upon effectuation of this Order that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, the fees shall be made payable to

---

[8] The March 30, 2016 entry reads: "Review of Judgment and email for calendaring EAJA; notes to file". (Summary of Billing (Doc. 25-1 at 18)). The March 31, 2016 entry reads: "Review Court Order and Judgment of 3/31/16; calendar dates for EAJA fee; notes to file." (*Id.*).

Plaintiff's attorney.  If a debt is owed under the Treasury Offset Program, then the remaining EAJA fees after offset shall be paid by a check made payable to Plaintiff's attorney.

Dated this 28th day of April, 2017.

_____
Bernardo P. Velasco
United States Magistrate Judge